United States District Court
Middle District of Florida
Jacksonville Division

**SAMUEL WILLIAM MILLER,**

***Plaintiff,***

**v.** **NO. 3:26-cv-25-WWB-PDB**

**UNITED STATES OF AMERICA,**

***Defendant.***

---

# Order

The plaintiff sues the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), for alleged negligence based on medical care he received at the Department of Veterans Affairs Medical Centers in Gainesville and Jacksonville, Florida. Doc. 25.

The plaintiff moves for partial summary judgment on liability and causation, Doc. 39, and to establish recovery in excess of the administrative claim amount, Doc. 40. The defendant opposes each motion. Docs. 56, 57.

The defendant moves to dismiss the action, arguing that the amended complaint is a shotgun pleading, the court lacks subject-matter jurisdiction (including because the claims are barred by the FTCA's statute of limitations and Florida's statute of repose for medical malpractice actions), and the plaintiff fails to state a claim on which relief can be granted. Doc. 42. The defendant also moves to stay discovery pending a decision on the motion to dismiss. Doc. 46. The plaintiff opposes each motion. Docs. 44, 47. The

defendant, at the court's direction, supplemented the motion to stay to address the effect of the plaintiff's motion for partial summary judgment, and now contends that a stay is warranted pending a decision on both motions. Doc. 55.

The scope of discovery depends on the claims and defenses. *See* Fed. R. Civ. P. 26(b)(1). Discovery ordinarily starts when the parties meet to discuss case management and ends on a discovery cut-off day established in a scheduling order. *See* Fed. R. Civ. P. 16(b)(1), 16(b)(3)(A), 26(d)(1), 26(f). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, or follows improper procedures in making its decision." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308 (11th Cir. 2020).

"District courts must take an active role in managing cases on their docket." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins." *Id.* at 1367. "Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *accord World Holdings, LLC v. Fed. Republic of Ger.*, 701 F.3d 641, 655 (11th Cir. 2012); *Dragash v. Fed. Nat'l Mortg. Ass'n*, 700 F. App'x 939, 947 (11th Cir. 2017). The Eleventh Circuit recognizes that "mechanisms for effective discovery are essential to the fairness of our system of litigation," while also recognizing that they "carry significant costs":

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of

> preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

*Chudasama*, 123 F.3d at 1367–68 (internal footnote omitted).

Staying discovery is warranted. A stay will not impact case management because the discovery deadline is September 3, 2027 (approximately ten months away); the bench trial is scheduled for the March 2028 term (more than a year away); and the motions to dismiss and for partial summary judgment will likely be decided by March 31, 2027. *See* Doc. 32 (case management and scheduling order); 28 U.S.C. § 476 (reporting requirements for motions pending more than six months). Because the scope of discovery depends on the claims and defenses, *see* Fed. R. Civ. P. 26(b)(1), the scope remains unknown until resolution of the motions, Docs. 39, 42. While the undersigned does not delve into the arguments for dismissal, the undersigned can say that no argument appears frivolous or made to delay. Moreover, the plaintiff admits that "[d]iscovery is unnecessary to resolve the pending motions because the governing record already exists within [the] defendant's own files." Doc. 47 at 3.

The plaintiff's opposition hinges largely on the defendant's omission of the pendency of his motion for partial summary judgment from the motion to stay, arguing that the motion requires a response and that a delay in resolving

the motion would harm him. *See* Doc. 47 at 3–6. Following the plaintiff's opposition, the defendant supplemented the motion to stay, Doc. 55, and responded to the motion for partial summary judgment, Doc. 57. The plaintiff also argues that he will be harmed by further delay in deciding the motion to dismiss and motion for partial summary judgment. Doc. 47 at 5–6. A stay of discovery does not impact when those motions will be decided.

The motion to stay discovery, Doc. 46, as supplemented, Doc. 55, is **granted**. Discovery is **stayed**. The stay is automatically lifted if the defendant's motion to dismiss, Doc. 42, or the plaintiff's motion for partial summary judgment, Doc. 39, are denied in whole or in part.

**Ordered** in Jacksonville, Florida, on November 2, 2026.

Patricia D. Barksdale

Patricia D. Barksdale
*United States Magistrate Judge*