United States District Court
Middle District of Florida
Jacksonville Division

**SAMUEL WILLIAM MILLER,**

***Plaintiff,***

**v.** **NO. 3:26-cv-25-WWB-PDB**

**UNITED STATES OF AMERICA,**

***Defendant.***

---

# Order

The plaintiff sues the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), for alleged negligence based on medical care he received at the Department of Veterans Affairs (VA) Medical Centers in Gainesville and Jacksonville, Florida. Doc. 25. The defendant moves to dismiss under Rules 8(a), 10(b), 12(b)(1), and 12(b)(6), Federal Rules of Civil Procedure. Doc. 42. The plaintiff opposes the motion. Doc. 44. At the undersigned's direction, the defendant has replied. Doc. 64. The motion to dismiss was referred to the undersigned to prepare a report and recommendation.

In the amended complaint, under the "Factual Allegations" heading, the plaintiff alleges 24 paragraphs of facts. Doc. 25 ¶¶ 13–34. He asserts four claims for relief. Doc. 25 at 8–14. In the first three counts, he sues for negligence based on the VA's alleged failure to diagnose and treat his cardiac conditions, pulmonary conditions, and vascular disease. Doc. 25 ¶¶ 35–53. In count four, he asserts a claim for vicarious liability, "FTCA/Liability Allegations." Doc. 25 ¶¶ 54–58. For each count, he realleges all factual

allegations (paragraphs 13–34), and relies on five exhibits totaling forty-two pages. Doc. 25 at ¶¶ 35, 41, 48, 54; *see* Docs. 18 to 21.

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). A court must construe a pleading drafted by an unrepresented litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction does not mean rewriting a deficient pleading or otherwise serving as de facto counsel. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Liberal construction means that a court must "look beyond the labels used in a[n unrepresented] party's complaint and focus on the content and substance of the allegations" to determine if a cognizable remedy is available. *Torres v. Mia.-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018). Construing a pleading liberally creates "better correspondence" between the claim's substance and its legal basis and avoids an "unnecessary dismissal" and an "inappropriately stringent application of [a] formal labeling requirement[.]" *Castro v. United States*, 540 U.S. 375, 381–82 (2003).

A complaint that states a claim for relief must contain three things: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).

To decide if a plaintiff shows he is entitled to relief, a court will consider only factual allegations, will disregard legal conclusions, and will ask whether the factual allegations—and only the factual allegations—state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]acts contained in a motion or brief cannot substitute for missing allegations in the complaint." *Dorman v.*

*Aronofsky*, 36 F.4th 1306, 1317 (11th Cir. 2022) (internal quotation marks and quoted authority omitted). An example of an alleged fact is, "The plaintiff received treatment at the Jacksonville VA Medical Center." An example of a legal conclusion is, "The defendant's negligent acts injured the plaintiff."

The pleading standard does not require detailed factual allegations but requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Labels, conclusions, formulaic recitations of the elements, and "naked" assertions are insufficient. *Id.*

A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility differs from probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted). Stated another way, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted).

"Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim must be in numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count[.]" *Id.* In responding to a complaint, a defendant must admit or deny each allegation. Fed. R. Civ. P.

8(b)(1)(B). Using numbered paragraphs and a single set of circumstances in each paragraph permits a defendant to reference the paragraph number of the allegation when admitting or denying the allegation.

Section 1346(b)(1) of the FTCA is a limited waiver of the United States' sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475–76 (1994). Under the statute, the United States may be held liable for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Federal district courts have jurisdiction over an FTCA claim if a plaintiff plausibly alleges the six elements of § 1346(b)(1), which are a claim:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 592 U.S. 209, 212 (2021) (alteration in *Brownback*; quoting *Meyer*, 510 U.S. at 477).

The United States Supreme Court has explained, "[I]n the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional. So even though a plaintiff need not *prove* a § 1346(b)(1) jurisdictional element for a court to maintain subject-matter jurisdiction over his claim, a plaintiff must plausibly allege all six FTCA elements not only to state a claim upon

which relief can be granted but also for a court to have subject-matter jurisdiction over the claim." *Brownback*, 592 U.S. at 217–18. "That means a plaintiff must plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law both to survive a merits determination under Rule 12(b)(6) and to establish subject-mater jurisdiction." *Id.* at 218.

"Statutes of limitations and statutes of repose ... are mechanisms used to limit the temporal extent or duration of liability for tortious acts. Both types of statute can operate to bar a plaintiff's suit, and in each instance time is the controlling factor." *CTS Corp. v. Waldburger*, 573 U.S. 1, 7 (2014).

"A statute of limitations creates 'a time limit for suing in a civil case, based on the date when the claim accrued.'" *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 812–13 (2024) (alteration omitted; quoting *CTS Corp.*, 573 U.S. at 8). "A statute of repose, on the other hand, puts an outer limit on the right to bring a civil action that is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *Id.* at 813 (internal quotation marks and quoted authority omitted). A statute of repose bars "any suit that is brought after a specified time since the defendant acted[,] even if this period ends before the plaintiff has suffered a resulting injury." *Id.* (quoted authority omitted).

Section § 2401 contains the FTCA's statute of limitations:

> (a) Except as provided by [law governing public contract disputes], every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. ....
>
> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency

> within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401; *see Corner Post*, 603 U.S. at 812 ("Section 2401(a) thus operates as a statute of limitations rather than a statute of repose."). A claim is presented upon the federal agency's receipt. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1239 (11th Cir. 2002). Presentation to the federal agency under § 2401(b) "is not a jurisdictional requirement." *United States v. Wong*, 575 U.S. 402, 412 (2015). "The time limits in the FTCA are just time limits, nothing more." *Id.*; *accord Dotson v. United States*, 30 F.4th 1259, 1268–69 (11th Cir. 2022) (the FTCA's time bars are non-jurisdictional).

In an FTCA action, the law of the state where the act or omission occurred governs the parties' rights and liabilities. *Richards v. United States*, 369 U.S. 1, 11 (1962). Under Florida law, "[t]o prevail in a medical malpractice case a plaintiff must establish the following: the standard of care owed by the defendant, the defendant's breach of the standard of care, and that said breach proximately caused the damages claimed." *Gooding v. Univ. Hosp. Bldg., Inc.*, 445 So. 2d 1015, 1018 (Fla. 1984). The "prevailing professional standard of care" for a health care provider is "that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers." Fla. Stat. § 766.102(1). A physician breaches the standard of care if the physician "does not provide the care that a reasonably prudent physician would provide." *Saunders v. Dickens*, 151 So. 3d 434, 441 (2014). "The existence of a medical injury does not create any inference or presumption of negligence against a health care provider, and the claimant must maintain the burden of proving that an injury was proximately caused by a breach of the prevailing

professional standard of care by the health care provider." Fla. Stat. § 766.102(3)(b).

Medical-malpractice claims in Florida are subject to a statute of repose in section 95.11(5)(c) of the Florida Statutes:

> An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued[.] … In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred[.]

Fla. Stat. § 95.11(5)(c). The Florida Supreme Court has recognized that "concealment connotes knowledge." *Nehme v. Smithkline Beecham Clinical Lab'ys, Inc.*, 863 So. 2d 201, 205 (Fla. 2003). The court explained, "[B]ecause both 'fraud' and 'intentional misrepresentation of fact' involve a level of knowledge or intent, we conclude that the legislative intent was to extend the repose period when *intentional* acts prevent discovery of the injury. A negligent diagnosis, without more, does not constitute concealment." *Id.*

In an unpublished but persuasive opinion, the Eleventh Circuit explained that "Florida's statute of repose for medical-malpractice claims operates as a 'substantive' limit on a defendant's liability after the established period, and so it is part of the substantive state law [courts] apply under the FTCA." *Jones v. United States*, No. 22–13381, 2024 WL 837054, at *5 (11th Cir. Feb. 24, 2024). The FTCA does not preempt Florida's statute of repose for

medical-malpractice claims. *Id.* at *5. If the statute of repose would bar a medical-malpractice claim, the court lacks subject-matter jurisdiction over the FTCA claim because "the government, 'if a private person, would [not] be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *See id.* at *3 (quoted) (quoting 28 U.S.C. § 1346(b)(1)).

Rule 11(b), Federal Rules of Civil Procedure, governs representations to the court:

> By presenting to the court a pleading, … an … unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). A party who violates Rule 11(b) is subject to sanctions. Fed. R. Civ. P. 11(c).

A "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Considering that rule and the goal of deciding a dispute on the merits, if "a more carefully drafted complaint might state a claim, a[n unrepresented] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 & n.6 (11th Cir. 1991), *overruled*

*in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (overruling *Bank* as to counseled plaintiffs, but deciding "nothing about a party proceeding [without a lawyer]"); *see Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018) (stating that the court should have "advised [the unrepresented plaintiff] of his complaint's deficiency and given him the opportunity to amend … before the court dismissed with prejudice").

The plaintiff's amended complaint appears deficient. Some claims appear untimely, as barred by either Florida's statute of repose for medical-malpractice claims or the FTCA's statute of limitations.

The plaintiff appears to rely on exhibits to support that the defendant breached the standard of care by failing to diagnose or treat certain conditions, without alleging sufficient facts to make the claims plausible. For example, in count two, the plaintiff states:

> 42. Defendant owed Plaintiff a duty to appropriately evaluate, diagnose, monitor, and treat pulmonary conditions consistent with the applicable national and local standard of care.
>
> 43. Defendant breached that duty by failing to perform, interpret, and act upon indicated pulmonary testing.
>
> 44. Defendant further failed to diagnose, treat, and/or refer for:
>
> a. Chronic pulmonary infection;
>
> b. Clinically significant oxygen desaturation ($SpO_2$);
>
> c. Hypercapnia (elevated $CO_2$);
>
> d. Pulmonary fluid accumulation;
>
> e. Sleep apnea;
>
> f. Pulmonary nodules.

Doc. 25 ¶¶ 42–44. Mention of the third, fourth, and fifth conditions appears only in reference to incorporated exhibits, *see* Doc. 25 ¶¶ 41(b)–(d), without accompanying facts about the information known to the defendant to suggest that the failure to diagnose or treat those conditions amounts to a breach (i.e., facts supporting that a reasonably prudent physician would have treated or diagnosed those conditions).

The plaintiff appears to misrepresent the content of at least one exhibit—Exhibit 4. Docs. 21, 21-1. In the notice of filing, the plaintiff states that he "certifies to the court that the original documents were downloaded from the Respiratory Critical Care and Sleep Medicine – showing current state of pulmonary treatment, home oxygen and ventilators." Doc. 21. In count two, he describes Exhibit 4 as "[c]linical documentation reflecting sleep-related breathing disorder indicators, including suspected or confirmed sleep apnea." Doc. 25 ¶ 41(d). Exhibit 4 appears to be a March 2026 record from Respiratory Critical Care and Sleep Medicine Associates, but it does not mention home oxygen, ventilators, or sleep apnea. *See* Doc. 21-1.

In response to the motion to dismiss, the plaintiff relies on facts omitted from the amended complaint. *See* Doc. 44 at 5–6.

Considering the law stated, the deficiencies observed, and that the plaintiff is proceeding without a lawyer, the court sua sponte gives the plaintiff an opportunity to file a second amended complaint alleging facts that plausibly state an FTCA claim. In drafting any second amended complaint, the plaintiff is directed to consider the arguments in the motion to dismiss, Doc. 42, and the law above. While he may include exhibits, he is reminded that the court will not sift through exhibits to try to create a plausible claim for relief for him—he must **briefly** and **plainly** allege facts making each claim plausible. The

defendant must be able to read any second amended complaint and clearly understand the claims against it and the factual grounds upon which each claim rests.

The deadline to file a second amended complaint is **December 14, 2026**. The deadline for the defendant to respond to any second amended complaint is 14 days after service. If the plaintiff fails to timely file a second amended complaint or a motion for additional time to do so, the court will presume that he wants to proceed with his current complaint, Doc. 25, and will prepare a report and recommendation on the motion to dismiss, Doc. 42.

In addition to apparent misstatements about Exhibit 4, described above, the plaintiff makes these assertions in response to the defendant's motion to dismiss:

> Plaintiff respectfully notes several additional defects in Defendant's Motion. First, … the Motion identifies two different, mutually exclusive incident dates — November 9, 2017 and November 7, 2019 — and *references a hurricane-related transport that appears nowhere in this case's operative pleading*. Second, the Motion misstates the date Plaintiff's administrative claim was presented: *Plaintiff's SF-95 was in fact received by the agency on May 19, 2025, not June 3, 2025* as the Motion asserts. Mot. at 1–2, Ex. A.

Doc. 44 at 10 (emphases added). The amended complaint includes this allegation, "On or about November 9, 2017, the Plaintiff and wife was transported to Gainesville Florida by the Defendant as *their home was destroyed by a hurricane*." Doc. 25 ¶ 14. The plaintiff's administrative claim attached to the motion to dismiss is twice stamped "received" on June 3, 2025.

Doc. 42-1 at 1. **Misrepresentations in papers filed with the court may subject a party to sanctions.**

**Ordered** in Jacksonville, Florida, on November 20, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*