United States District Court
Middle District of Florida
Jacksonville Division

**SAMUEL WILLIAM MILLER,**

***Plaintiff,***

**v.** **NO. 3:26-cv-25-WWB-PDB**

**UNITED STATES OF AMERICA,**

***Defendant.***

---

## Order

The plaintiff sues the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for alleged negligence based on medical care he received at the Department of Veterans Affairs (VA) Medical Centers in Gainesville and Jacksonville, Florida. Doc. 25.

On June 4, 2026, the court entered a case management and scheduling order establishing a September 3, 2027, deadline for completing discovery, and a September 17, 2027, deadline for conducting mediation. Doc. 32. The court directed the parties to confer and notify the court of the selection of a mediator by July 6, 2026. Doc. 33. The parties timely complied. Doc. 35.

Through a motion filed on July 1, 2026 (less than one month after the entering of the case management and scheduling order), the plaintiff moves for sanctions. Doc. 37 (motion); Docs. 49, 59, 66 (supplements). The defendant opposes the motion. Doc. 38.

**1.**

The plaintiff requests sanctions under Rule 16(f), Federal Rules of Civil Procedure; 28 U.S.C. § 1927; and the court's inherent authority. Doc. 37 (motion); Docs. 49, 59, 66 (supplements). He bases the motion on three alleged patterns of bad-faith conduct:

> Pattern One—Administrative Pension Obstruction: Beginning March 31, 2026—four days after Plaintiff opened settlement communications with AUSA Tran—the VA has withheld Plaintiff's pension benefits through a documented impossibility loop, including a fabricated $10,500 cryptocurrency income attribution that does not exist, a threatened $4,800 collections action, and shifting documentation demands culminating in a request for certified projections of future medical expenses for a six-month period that had not yet occurred at the time of the demand.
>
> Pattern Two—Discovery Delay as Litigation Weapon: Without factual basis—the entire liability record exists within Defendant's own institutional files—VA agency counsel has demanded two years of discovery before mediation, a position DOJ's own AUSA has acknowledged is not supported by the court order.
>
> Pattern Three—Refusal to Certify Good-Faith Mediation Engagement: As of the filing of this motion ([July 1, 2026)], Defendant has not responded to Plaintiff's written demand of June 29, 2026, requesting written certification of full settlement authority and good-faith engagement with the documented damages framework. Proceeding to mediation without such certification wastes the Court's ordered resources and rewards Defendant's stonewalling strategy.

Doc. 37 at 2.

The defendant responds that the plaintiff fails to allege any sanctionable conduct. Doc. 38. The defendant explains that on Monday, June 29, 2026, the plaintiff emailed defense counsel about his intent to file a motion to compel requiring "confirmation by the end of th[e] week," *see* Doc. 37 at 18, but he then

filed the motion for sanctions two days later on Wednesday, July 1, 2026. Doc. 38 at 4. The defendant first learned of the motion for sanctions upon its filing. Doc. 38 at 4. The defendant asserts that, although the plaintiff fails to cite Rule 11, Federal Rules of Civil Procedure, he requests relief that resembles Rule 11 remedies. Doc. 38 at 4. The defendant argues that, to the extent the court construes the motion as one requesting sanctions under Rule 11, the plaintiff failed to comply with the rule's safe harbor provision. Doc. 38 at 4. The defendant argues that, if the court does not construe the motion in that manner, the plaintiff violated Local Rule 3.01(g). Doc. 38 at 4.

**2.**

The court's Local Rules "advance efficiency, consistency, convenience, and other interests of justice." Local Rule 1.01(a).

Local Rule 3.01(g) requires a movant to confer with the opposing party in a good faith effort to resolve any motion in a civil action (except a motion for a Rule 11 sanction, for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class). Local Rule 3.01(g)(1). The purpose of Local Rule 3.01(g) is to require communication between parties to try to resolve or narrow disputes without court intervention. The case management and scheduling order provides, "The term 'confer' in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax, letter, or e-mail." Doc. 32 at 4.

**3.**

Section 1927 of Title 28, United States Code, provides:

> Any attorney or other person admitted to conduct cases in any court of the United States … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Unreasonable and vexatious conduct is "tantamount to bad faith." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010). The standard is objective, comparing the lawyer's conduct to how a reasonable lawyer would have acted. *Id.* at 1282, 1284. "The statute imposes a high standard that requires the moving party to show" that the lawyer "engaged in behavior that grossly deviates from reasonable conduct." *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (internal quotation marks omitted). The statute is penal and thus strictly construed. *Norelus*, 628 F.3d at 1281.

Besides § 1927, a court also has inherent authority to sanction a lawyer or a party for acting "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 45–46 (1991). The standard is subjective. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223–24 (11th Cir. 2017). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. "When considering sanctions under the court's inherent power, the threshold of bad faith conduct is at least as high as the threshold of bad faith conduct for sanctions under § 1927." *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (internal quotation marks omitted).

A court may also impose sanctions under the Federal Rules of Civil Procedure, including Rules 11 and 16(f).

Rule 11 serves to deter litigation abuses. *See Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1448 (11th Cir. 1998) ("Rule 11 is intended to reduce frivolous claims and to deter costly meritless maneuvers, thereby eliminating delay, and reducing the cost of litigation."), *overruled on other grounds by Corporación AIC, SA v. Hidroeléctrica Santa Rita S.A.*, 66 F.4th 876, 881 (11th Cir. 2023). Rule 11(a) requires a signature on papers by an attorney or pro se litigant, and Rule 11(b) creates a certificate by the person presenting a paper to the court:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11(c) describes the sanctions available for a Rule 11(b) violation and the requirements for a motion for sanctions under the rule:

> (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. ….
>
> (2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
>
> ….
>
> (4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(1), (2), (4).

Rule 16(f) authorizes the imposition of sanctions for noncompliance with pretrial and scheduling management:

> (1) *In General.* On motion or on its own, the court may issue any just orders … if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f).

**4.**

The plaintiff's motion for sanctions, Doc. 37, is **denied**. The court does not construe the motion as a request for relief under Rule 11, which does not apply to discovery and applies only in the four described circumstances. *See* Fed. R. Civ. P. 11(b). The plaintiff, therefore, was required to comply with Local Rule 3.01(g). The Local Rule 3.01(g) certification states, "I hereby certify that on June 30, 2026, I conferred with counsel for Defendant, Mai Tran, United States Attorney General Jacksonville, via email in a good faith attempt to resolve the issues in this Notice without court action." Doc. 37 at 16. Notwithstanding the defendant's assertion that it first learned of the motion upon its filing, *see* Doc. 38 at 4, and that the certification fails to describe a "substantive conversation *in person or by telephone*" like the scheduling order envisions, *see* Doc. 32 at 4 (quoted), the court need not decide whether the motion violates Local Rule 3.01(g) because it fails on the merits.

The plaintiff fails to satisfy his burden of showing that sanctions are warranted. He points to no bad faith or vexatious, wanton, or oppressive conduct, whether viewed objectively or subjectively, and he fails to show that the defendant acted in a way warranting sanctions under Rule 16(f).

The plaintiff's motion appears to hinge largely on a misunderstanding of the scope of this action and of the case management and scheduling order.

The plaintiff's first assertion of bad-faith conduct—that the defendant administratively obstructed his VA pension benefits—lacks merit. He complains about the VA Pension Management Center's handling of his pension claim and asserts that the delay in adjudication of his pension claim is unreasonable, *see* Doc. 37 at 6–7, but he fails to show how any pension benefits

dispute relates to the FTCA medical-negligence claims he asserts in this action, *see* Doc. 25. He appears to acknowledge that challenging a decision on his pension benefits is addressed through the VA's administrative review process. *See* Doc. 49 at 2.

The plaintiff's second and third assertions—that the defendant demanded two years of discovery before conducting mediation and that the defendant failed to respond to his request for written certification of full settlement authority—lack merit. He makes these arguments:

- Court-ordered mediation is a pretrial order. Failure to appear with full settlement authority, failure to certify good-faith engagement, and the two-year discovery demand designed to avoid mediation each independently constitute failure to participate in good faith in a pretrial matter. Rule 16(f) sanctions are warranted on these grounds alone. Doc. 37 at 5.

- Plaintiff is a pro se litigant in palliative care. Expenses and costs incurred in connection with Defendant's failure to comply with the mediation order and bad-faith delay tactics are directly attributable to Defendant's conduct. Doc. 37 at 5–6.

- Demanding two years of discovery before mediation in a case where the entire liability record exists within Defendant's own institutional files constitutes unreasonable and vexatious multiplication of proceedings. The discovery demand was made without factual justification and in direct contradiction of the court's mediation order. Doc. 37 at 6.

- The Attorney General has delegated settlement authority to DOJ litigating attorneys. AUSA Tran's failure to confirm that she or her supervisory chain possesses authority commensurate with the documented damages—despite Plaintiff's written demand—raises a genuine question about whether Defendant intends to appear at mediation with authority to resolve the case. Doc. 37 at 6.

- The Court's scheduling order mandates mediation. Defendant's proposal to defer mediation for two years of discovery is inconsistent with and contrary to the Court's order. AUSA Tran acknowledged the court order refers the case to mediation. (Exhibit A, Tran email June 29, 2026.). Doc. 37 at 7.

- Plaintiff's written demand of June 29, 2026, requesting confirmation of full settlement authority received no response. This Court's local rules require full settlement authority as a condition of mediation attendance. Defendant's silence on this demand implicates Local Rule 4.02(c) directly. Doc. 37 at 7.

Doc. 37 at 6–7.

Contrary to the plaintiff's arguments, his exhibit shows that the defendant's counsel stated in an email, "Agency counsel is of the opinion, to which I do agree, that the Parties would be in a better position to mediate once additional discovery is completed. I think it might do us some good to first proceed with discovery in the case[.] Would you be open to this?" Doc. 37 at 20. Nowhere does he show that defense counsel demanded that mediation be deferred for two years to conduct discovery. Discovery (which is now stayed, *see* Doc. 71), does not end until September 3, 2027, and the deadline for the parties to conduct mediation is September 17, 2027. Doc. 32. The court referred the case to mediation, *see* Doc. 34, and directed the parties to notify the court of the selected mediator by July 6, 2026, *see* Doc. 33. But neither action requires the parties to mediate immediately or renders defense counsel's preference to mediate after conducting additional discovery sanctionable conduct. *See* Doc. 37 at 7.

The case management and scheduling order requires that each attorney acting as lead trial counsel and each party with full settlement authority must attend and participate in the mediation conference. Doc. 32 at 11. Neither the case management and scheduling order nor Local Rule 4.02(c) requires that the defendant's counsel respond to the plaintiff's request for confirmation of settlement authority within the plaintiff's self-imposed 4-day response deadline (which the plaintiff then shortened to 1.5 days). Local Rule 4.02(c) governs the disqualification of a mediator and has no relation to a requirement

to confirm settlement authority. The plaintiff fails to identify sanctionable conduct.

**5.**

The plaintiff appears to misrepresent the requirement of a local rule and the holding of at least one case he cites:

> —The plaintiff states, "M.D. Fla. Local Rule 4.02(c) independently requires full settlement authority at mediation." Doc. 37 at 14. Local Rule 4.02(c) governs disqualification of a mediator: "A party can disqualify a mediator under the same standard that governs disqualifying a federal judge."
>
> —With the citation, "Malautea v. Suzuki Motor Co., 987 F.2d 1536 (11th Cir. 1993)," the plaintiff states, "Eleventh Circuit affirmed district court's inherent power to impose sanctions including adverse inference instructions and dismissal sanctions for discovery misconduct and bad-faith litigation conduct; 'the key to unlocking a court's inherent power is a finding of bad faith[.]'" Doc. 37 at 9–10. This case includes no such quotation and no such holding.
>
> —The plaintiff states, "Under Malautea v. Suzuki Motor Co., 987 F.2d 1536 (11th Cir. 1993), federal courts may impose adverse inference instructions as a sanction for bad-faith conduct. The Eleventh Circuit has held that adverse inference instructions are appropriate where a party's conduct during litigation demonstrates consciousness of liability." Doc. 37 at 13. This case contains no such holding.

By **December 14, 2026**, the plaintiff must show cause why sanctions should not be imposed under Rule 11, Federal Rules of Civil Procedure; the

court's inherent authority; or both for misquoting and misrepresenting the authorities.

**Ordered** in Jacksonville, Florida, on November 20, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*